IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 21-cr-30148-DWD |
| | ) |
| TERRELL WINSTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Now before the Court is the motion in limine filed by the United States of America (Doc. 299). The Government moves to exclude evidence and arguments related to the definition of reasonable doubt. For the reasons detailed below, the Motion will be granted.

**Applicable Legal Standards**

**A.    Limine Rulings**

The Federal Rules of Evidence do not explicitly authorize in limine rulings, but the practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions in limine are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose." *Jonasson v. Lutheran Child & Fam. Servs.*, 115

1

F.3d 436, 440 (7th Cir. 1997). Additionally, the "prudent use of the in limine motion sharpens the focus of [the] trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Id.* at 440.

Motion in limine rulings are made before the court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("'[A] ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.'") (citing *Luce*, 469 U.S. at 41) (markings in original).

**B.    Admissibility Generally**

"All evidentiary questions begin with Rule 402, which contains the general principle that relevant evidence is admissible and irrelevant evidence is not." *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014) (internal markings omitted). Evidence is relevant if it has any tendency to make a fact of consequence "more or less probable." Fed. R. Evid. 401. Under Federal Rule of Evidence 403, the Court has authority to exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**Discussion**

Defendant is charged with one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) ("**Count 1**") and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) ("**Count 2**") (Doc. 1).

By its Motion, the Government seeks to prevent Defendant from attempting to define "reasonable doubt" for the jury. The Constitution does not require defining "reasonable doubt." *Adorno v. Melvin*, 876 F.3d 917, 922 (7th Cir. 2017) ("As a matter of Illinois common law, trial judges are instructed not to attempt to define reasonable doubt for the jury. In contrast, 'the [federal] Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course.'") (internal citations omitted).

The Seventh Circuit has further instructed that it is inappropriate to define "reasonable doubt" for a jury, reasoning that:

> '[A]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury.' *Holland v. United States*, 348 U.S. 121, 140 (1954). And that is precisely why this circuit's criminal jury instructions forbid them. *See* Federal Criminal Instructions of the Seventh Circuit 2.07 (1980). 'Reasonable doubt' must speak for itself. Jurors know what is 'reasonable' and are quite familiar with the meaning of 'doubt.' Judges' and lawyers' attempts to inject other amorphous catch-phrases into the 'reasonable doubt' standard . . . only muddy the water . . . It is, therefore, inappropriate for judges to give an instruction defining 'reasonable doubt,' and it is equally inappropriate for trial counsel to provide their own definition. *See, e.g.*, *United States v. Dominguez*, 835 F.2d 694, 701 (7th Cir. 1987). Trial counsel may argue that the government has the burden of proving the defendant's guilt 'beyond a reasonable doubt,' but *they may not attempt to define "reasonable doubt."*

*United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (emphasis in original).

For these reasons, the Government's Motion in Limine at Doc. 299 is **GRANTED**. The parties are barred from attempting to define "reasonable doubt" for the jury.

**SO ORDERED.**

Dated: May 10, 2023

/s *David W. Dugan*
DAVID W. DUGAN
United States District Judge